## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KONSTADINOS J. KYPRIANOS and
STAMATINA KYPRIANOS,

    Plaintiffs (*pro se*),

  v.

DUSTIN McCANDLESS;
MICHAEL WEISSGERBER;
ΕΥΘΑΛΙΑ ΚΥΠΡΙΑΝΟΥ (Κυπριανού Ευθαλία);
JOHN DOE refund-impostor ("misthwtos2012");
DEI S.A. (ΔΗΜΟΣΙΑ ΕΠΙΧΕΙΡΗΣΗ ΗΛΕΚΤΡΙΣΜΟΥ A.E.);
GEORGIOS K. LYRAKIS, Notary (Γεώργιος Κ. Λυράκης);
and NOTARIES VENNIS, VALLINDRA-KATRAKI, LEVOGIANNIS-ATHANASIOU, and DEDES,

    Defendants.

---

Civil Action No. _____

**JURY TRIAL DEMANDED**

Case: 4:26−cv−11978
Assigned To : Behm, F. Kay
Referral Judge: Grand, David R.
Assign. Date : 6/15/2026
Description: CMP Kyprianos, et al v. McCandless, et al (jo)

---

# COMPLAINT

## §I · PARTIES

### §I.1 · Plaintiff 1 · Konstadinos J. Kyprianos

1. Plaintiff **Konstadinos J. Kyprianos** is a citizen of the United States residing at 16441 Waterman Drive, Roseville, Macomb County, Michigan 48066. He appears pro se under 28 U.S.C. §1654 and signs only his own claims, consistent with *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998). He pleads his own direct injuries to business or property under 18 U.S.C. §1964(c) as set forth in the Counts.

### §I.2 · Plaintiff 2 · Stamatina Kyprianos

2. Plaintiff **Stamatina Kyprianos** is a citizen of the United States residing at 16441 Waterman Drive, Roseville, Macomb County, Michigan 48066. She holds an IRS Form 6166 certifying her United States tax residency for purposes of the 1953 United States–Hellenic Republic Income Tax Convention. She appears pro se under 28 U.S.C. §1654 and signs only her own claims (*Iannaccone v. Law*, 142 F.3d 553). She is the H&R Block-engagement client and the primary holder of the Count I tax-injury, and she pleads her own direct injuries under 18 U.S.C. §1964(c) as set forth in the Counts.

3. Plaintiffs are the surviving son and widow, respectively, and successors-in-interest of the decedent **Ιωάννης (John) Κυπριανός** (ΑΦΜ 051422558), a United States citizen (U.S. Citizenship Certificate

10468310) who died on **13 June 2021**. Plaintiffs plead only their own direct injuries; no injury characterized as harm to the decedent or his estate is pleaded (Holmes v. SIPC).

### §I.3 · Defendants

4. Plaintiffs name the following Defendants. The first two are United States–based individual tax-return preparers subject to this Court's jurisdiction on the basis of United States–directed conduct and direct domestic injury; the remaining Defendants are a Greek commercial entity and Greek-domiciled private actors, named on the express-aiming and treaty-bridge bases set out in §II.3.

5. **Defendant Dustin McCandless** (IRS PTIN P01858522) is an individual tax-return preparer who prepared and signed Plaintiff Stamatina Kyprianos's United States federal income tax return for tax year 2021, signing from H&R Block Tax Group, Inc.'s corporate seat at 1301 Main Street, Kansas City, Missouri 64105 (Jackson County, Missouri). He is named in his personal capacity.

6. **Defendant Michael Weissgerber** (IRS PTIN P00694437) is an individual tax-return preparer who prepared and signed Plaintiff Stamatina Kyprianos's United States federal income tax return for tax year 2024, signing from 369 W. Army Trail Road, Suite 9, Bloomingdale, Illinois 60108 (DuPage County, Illinois). He is named in his personal capacity.

7. **Defendant Eythalia Kyprianou** (Κυπριανού Ευθαλία, ΑΦΜ 052822816) is a Greek-domiciled individual who acted as a purported representative on the decedent's Greek tax records and transmitted coordinated tax-instrument entries that fed into Plaintiff Stamatina Kyprianos's United States tax position.

8. **Defendant John Doe refund-impostor**, operating the electronic identity "misthwtos2012" (misthwtos2012@hotmail.com / +30 6940578705), transmitted a fraudulent refund-related communication through electronic and financial channels that intersected a Plaintiff's United States banking channel. Plaintiffs reserve the right to amend to substitute this Defendant's true name under Fed. R. Civ. P. 15(a) upon identification.

9. **Defendant DEI S.A.** (Δημόσια Επιχείρηση Ηλεκτρισμού Α.Ε.) is named **solely in its private, commercial, non-sovereign capacity**, consistent with the narrow exception recognized in *Galette v. New Jersey Transit* (2026). In that private capacity it issued repeated post-mortem billing instruments tied to the decedent's tax identifier. *[Personal jurisdiction over this Defendant is pleaded conditionally pending the private-capacity determination per §II.3.C; a Galette state-corporate footnote travels with every Count touching this Defendant.]*

10. **Defendant Georgios K. Lyrakis** (Γεώργιος Κ. Λυράκης), a Greek-domiciled notary at Spetses, used the decedent's post-mortem tax identity in notarial instruments and electronic cadastral submissions. *[Named on the treaty-bridge / express-aiming basis set out in §II.3.B.]*

11. **Defendants Notaries Vennis, Vallindra-Katraki, Levogiannis-Athanasiou, and Dedes** (Keratsini), Greek-domiciled notaries, participated in the creation of cadastral instruments using the decedent's post-mortem identity over a continuing multi-year window. *[Named on the treaty-bridge / express-aiming basis set out in §II.3.B.]*

12. **Non-defendant enterprise members and related actors.** The conduct of **HRB Digital LLC d/b/a H&R Block** and its affiliated tax-group entity (the corporate preparer-of-record employer and the contracting party under the H&R Block Online Services Agreement) is pleaded throughout this Complaint

as an act of, and as participation in, the association-in-fact enterprise (§IV) and as predicate conduct (§§V–VI), **but H&R Block is not named as a Defendant in this action.** A separate dispute between Plaintiff Stamatina Kyprianos and HRB Digital LLC arising from the same tax-preparation engagement is pending before the American Arbitration Association (AAA Case No. 01-26-0001-2493), HRB's designated contractual forum, and is disclosed for candor under this District's companion-case rule. Likewise, **Mellissa Worman** (a former preparer-of-record reference) and **Renia Vlachou** (Ρένια Βλάχου, a private accountant) are described where relevant as enterprise-relationship and pattern evidence (§§IV–VI), not as named Defendants; Plaintiffs reserve leave to amend under Fed. R. Civ. P. 15(a).

13. **Sovereign organs are NOT Defendants.** No government agency or organ — including the Federal Bureau of Investigation, the United States Department of State, IRS–Criminal Investigation, the Hellenic Independent Authority for Public Revenue (ΑΑΔΕ), the Hellenic Cadastre (Κτηματολόγιο), the Hellenic decentralized-administration offices, DESYP/AEAD, the Office of the Greek Ombudsman, the Hellenic Cybercrime Division, or any United States Senate constituent-services office — is named as a Defendant or as a member of the enterprise. *FDIC v. Meyer*, 510 U.S. 471 (1994). These entities appear only as continuity/concealment context or as the fora through which individual actors operated. Where an individual administrative officer is alleged to have committed an obstruction act, that officer is named **solely in his or her individual capacity** and any such naming is pleaded conditionally pending per-officer *Galette* analysis (and is reserved to amendment under Fed. R. Civ. P. 15(a); no such officer is named in the front-line roster above).

## §II · JURISDICTION AND VENUE

### §II.1 · Subject-matter jurisdiction

14. This Court has subject-matter jurisdiction under **18 U.S.C. §1964(c)** (civil RICO) and **28 U.S.C. §1331** (federal question). The Court has supplemental jurisdiction over the pendent Michigan state-law claim under **28 U.S.C. §1367(a)**, that claim forming part of the same case or controversy as the federal RICO claims.

### §II.2 · Venue

15. Venue is proper in this District under **28 U.S.C. §1391(b)(2)** because a substantial part of the events giving rise to the claims occurred here: the false United States tax returns at the center of the scheme were prepared for, and caused economic loss to, a Michigan-resident Plaintiff, and were transmitted into the federal tax system from a Michigan-resident taxpayer's position, with the injury sustained at Plaintiffs' Roseville, Macomb County residence. Venue is also proper under **28 U.S.C. §1391(b)(3)** because each Defendant is subject to this Court's personal jurisdiction with respect to this action, as set forth in §II.3.

### §II.3 · Personal jurisdiction

16. This Court has personal jurisdiction over each named Defendant. For the civil RICO claims, **18 U.S.C. §1965(b) and (d)** authorize nationwide service of process and the exercise of personal jurisdiction over each Defendant who participated in the racketeering enterprise alleged herein where the ends of justice so require. As to every Defendant, personal jurisdiction is also proper under the Due Process Clause because each Defendant purposefully directed conduct at the United States and at this forum, the claims arise directly out of that forum-directed conduct, and the exercise of jurisdiction is reasonable.

17. The injury on which every claim rests is a **United States-domestic injury**. Plaintiffs are United States citizens domiciled in this District; the false United States tax instruments at the center of the enterprise were filed into, and caused economic loss within, the United States federal tax system. Under *RJR Nabisco, Inc. v. European Community,* 579 U.S. 325 (2016), this domestic injury anchors both the substantive RICO claim and this Court's authority over each Defendant whose conduct produced it.

*§II.3.A · Forum-directed Defendants (United States conduct + direct domestic injury)*

18. **Defendants Dustin McCandless and Michael Weissgerber.** These Defendants are subject to the specific personal jurisdiction of this Court. Each prepared and signed a United States federal income tax return for a Michigan-resident Plaintiff and caused that return to be transmitted by wire across state lines through the Internal Revenue Service electronic-filing infrastructure — McCandless for tax year 2021 (signing from Kansas City, Missouri) and Weissgerber for tax year 2024 (signing from Bloomingdale, Illinois) — each return containing false Form 1116 foreign-tax-credit entries. The claims against these Defendants arise directly out of those United States–directed filings, and the resulting false foreign-tax credits are a loss sustained by a Michigan resident within the United States tax system. Jurisdiction is proper and reasonable.

19. **Defendant Eythalia Kyprianou.** This Defendant is subject to specific personal jurisdiction because her conduct was purposefully directed at the United States tax position of a Michigan-resident United States citizen. By acting as a purported representative on the decedent's Greek tax records and transmitting coordinated tax-instrument entries that fed directly into the surviving widow's United States tax position, she directed her conduct at the United States and caused a direct United States-domestic injury. Jurisdiction arises out of that forum-directed conduct and is reasonable.

20. **Defendant John Doe refund-impostor.** The Defendant who transmitted a fraudulent refund-related communication through electronic and financial channels that intersected a Michigan-resident Plaintiff's United States banking channel is subject to specific personal jurisdiction. The transmission was aimed at and produced effects within the United States, and the claim arises out of that aimed transmission. Jurisdiction is proper and reasonable.

*§II.3.B · Greek-domiciled private Defendants (treaty-bridge effects + express aiming)*

21. As to the Greek-domiciled private Defendants, this Court's specific personal jurisdiction rests on the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984): each committed an intentional act, expressly aimed at the United States, knowing that the brunt of the harm would be suffered by a United States-resident taxpayer in this forum. The United States character of that harm is established through the **1953 Convention between the United States and the Hellenic Republic for the Avoidance of Double Taxation, Articles XIV, XVI(2), XVII, and XVIII**: each Defendant's post-mortem use and manipulation of the decedent's Greek tax identity directly distorted the Greek-tax inputs to a United States resident's treaty-based foreign-tax-credit position, producing a United States-domestic tax injury. This treaty-bridge supplies the domestic-injury nexus required by *RJR Nabisco.*

22. **Defendant Georgios K. Lyrakis (Spetses).** This Defendant engaged in the post-mortem use of the decedent's Greek tax identity in notarial instruments and electronic cadastral submissions, knowing the decedent's surviving heirs included a United States-resident widow whose United States tax position depended on the integrity of those Greek records. That conduct was expressly aimed at the United States taxpayer and produced a United States-domestic injury through the treaty mechanism described in paragraph

Kyprianos v. McCandless, et al. — Complaint (RICO)                                       No. _____

21. Jurisdiction is proper.

23. **Defendants cadastral-notary group (Vennis, Vallindra-Katraki, Levogiannis-Athanasiou, Dedes).** These Defendants participated in the creation of cadastral instruments using the decedent's post-mortem identity over a continuing multi-year window, with the same knowledge and the same United States-aimed effect described in paragraph 21. Specific personal jurisdiction is proper on the same *Calder* effects and treaty-bridge basis. Plaintiffs reserve the right to refine the jurisdictional allegations as to individual members of this group under Fed. R. Civ. P. 15(a).

### §II.3.C · *Commercial Greek entity Defendant (private-capacity / Galette)*

24. **Defendant DEI S.A.** This Defendant is named solely in its private, commercial capacity as a non-sovereign business entity, consistent with the narrow exception recognized in *Galette v. New Jersey Transit* (2026) and with the sovereign-immunity discipline that excludes every governmental organ from this action under *FDIC v. Meyer,* 510 U.S. 471 (1994). In that private capacity, this Defendant transmitted repeated post-mortem billing communications tied to the decedent's tax identity into channels that cross-fed a Michigan-resident Plaintiff's United States banking channel. That conduct was directed at the United States and produced United States-domestic effects, supporting specific personal jurisdiction on the *Calder* effects basis. *[Pleaded conditionally pending the private-capacity (Galette) determination.]*

### §II.3.D · *Reasonableness and reservation*

25. The exercise of personal jurisdiction over each named Defendant comports with traditional notions of fair play and substantial justice under *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985). Each Defendant purposefully directed conduct at the United States and at a known United States-resident victim; the burden on each Defendant is outweighed by the United States' strong interest in adjudicating a fraud aimed at its own tax system and by Plaintiffs' interest in relief in their home forum. For the federal racketeering claims, 18 U.S.C. §1965 independently supplies the basis for jurisdiction and service. Plaintiffs reserve the right to amend these jurisdictional allegations under Fed. R. Civ. P. 15(a).

## §III · FACTUAL BACKGROUND (LAYERED)

### §III.1 · Layer 1 · 1972 chain-of-title (background context only — NOT a predicate)

26. A 1972 notarial deed (Deed 2777) establishes Plaintiffs' independent ownership and successor-in-interest claims in the Greek immovable estate. This is pleaded as **background context only**, for the Treaty Arts. XIV+XVI(2)+XVII+XVIII jurisdictional bridge and for chain-of-title standing. Per *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258 (1992), and the layered-framing discipline below, pre-limitations events are **not** predicate acts and are **excluded** from the recoverable-damages computation.

### §III.2 · Layer 2 · Post-death predicate window (13 June 2021 → present)

27. The continuing scheme post-dates the decedent's death on 13 June 2021. **All predicate acts pleaded in §VI fall within this window**, which spans approximately **1,824 days** as of the date of this Complaint. Each Plaintiff's direct §1964(c) injury accrued during this window or is continuing.

### §III.3 · Layer 3 · Four-year limitations window (2022 → present)

28. Per *Rotella v. Wood*, 528 U.S. 549 (2000), the civil-RICO limitations clock runs from discovery of the **injury**. Each fresh, independently-injurious predicate — the rolling post-mortem billing instruments; the August 6, 2025 refusal to correct and the January 23, 2026 and February 17, 2026 escalation closures; and the 2026 cadastral and obstruction overt acts — carries its **own** accrual clock; and the limitations period is subject to **equitable tolling** where the pattern was obscured by the concealment conduct pleaded in §VI and Count VI. Plaintiffs plead no naked limitations theory; each predicate's separate accrual and the tolling preserved by *Rotella* govern.

### §III.A · United States-side proven-victim spine and federal records-matters

29. Plaintiffs' United States standing and the existence of active federal matters bearing on the conduct alleged are established by, among other things: the decedent's and Plaintiffs' United States citizenship and Stamatina Kyprianos's IRS Form 6166 treaty-residency certification; IRS-Criminal Investigation Case 26236541; FBI IC3 complaint referrals; the American Arbitration Association proceeding against the corporate preparer (AAA Case 01-26-0001-2493); a United States Senate constituent-services matter; and the self-executing 1953 United States–Greece Income Tax Convention Arts. XIV+XVI(2)+XVII+XVIII.

30. **Three federal records-matters are docketed and active.** As part of the continuing record that the federal matters bearing on this conduct exist and have been the subject of Plaintiffs' lawful, contemporaneous efforts to obtain records — and **not** as any predicate act and **not** as the act of any Defendant:

(a) **Federal Bureau of Investigation.** The Bureau issued a **final determination on June 8, 2026** (FOIPA Request No. 1736754-000), stating that it completed its review, searched its Central Records System and the locations reasonably expected to hold responsive records, and reviewed and released twenty-eight pages to Plaintiff at no charge, withholding portions under enumerated statutory exemptions; the determination is a final agency action subject to administrative appeal to the United States Department of Justice, Office of Information Policy.

(b) **Internal Revenue Service.** The IRS Privacy, Governmental Liaison and Disclosure office issued a **written acknowledgment on June 1, 2026** (IRS Case No. 2026-10608), stating that the request was received on May 28, 2026, assigning a caseworker, interpreting the scope of the request, and setting an estimated completion date of June 26, 2026.

(c) **United States Department of State.** The Department **acknowledged Plaintiffs' request and granted a fee waiver on June 1–2, 2026** (Case No. FP-2026-00144).

31. These three federal channels reflect documented, active engagement and the confirmed existence of responsive records across the United States agencies whose matters bear on the conduct alleged. Plaintiffs plead them as continuity and active-matter context only; the federal agencies are not Defendants (*FDIC v. Meyer*).

## §IV · THE ENTERPRISE (18 U.S.C. §1961(4))

### §IV.1 · The association-in-fact enterprise

32. Plaintiffs plead an **association-in-fact enterprise** within the meaning of 18 U.S.C. §1961(4): "any union or group of individuals associated in fact although not a legal entity." Under *Boyle v. United States*, 556 U.S. 938, 946 (2009), such an enterprise need have only three structural features — **(a) a common purpose, (b) relationships among those associated with the enterprise, and (c) longevity sufficient to permit the associates to pursue the enterprise's purpose.** The enterprise "need not have a hierarchical structure or a chain of command," need not have fixed roles, and may be proved by the same evidence used to prove the pattern of racketeering activity. *Id.* at 947–48; *United States v. Turkette*, 452 U.S. 576, 583 (1981).

33. The enterprise referred to throughout this Complaint as the **"Estate-Conversion Enterprise"** is an ongoing association-in-fact comprising the named Defendants and additional associates (including the non-defendant enterprise members identified in §I.3 ¶12), organized around the unauthorized post-mortem use of the identity and property of the decedent (AΦΜ 051422558; † 13 June 2021) and the conversion of the value of the Greek immovable estate and of its United States-citizen successors-in-interest. The Estate-Conversion Enterprise is **separate and distinct from each Defendant** who participates in it (§IV.2).

### §IV.1(a) · Common purpose

34. The members share a **common purpose**: to extract, conceal, and launder the property value and tax-derived value of the decedent's estate, and to generate and transmit false instruments — including false United States tax instruments — so as to (i) appropriate the decedent's and Plaintiffs' ownership interests, (ii) defeat the United States-citizen Plaintiffs' lawful tax positions, and (iii) frustrate detection by United States and Greek authorities. *Boyle*, 556 U.S. at 946.

35. That common purpose is evidenced by the convergence of otherwise-distinct acts on a single object — the decedent's estate and the surviving widow's and son's interests in it: (i) the false United States Form 1116 foreign-tax-credit instruments and related tax-preparation transmissions; (ii) the post-mortem use of the decedent's identifier to fabricate cadastral and notarial instruments encumbering the Greek immovable property; (iii) the interception and diversion of refunds and proceeds through fabricated and impostor channels; (iv) the continuing issuance of post-mortem utility instruments against the decedent's identity; and (v) the obstruction, by individual actors, of the forwarding and examination of Plaintiffs' complaints. Each act advances the same end. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989).

### §IV.1(b) · Relationships among the associates (structure)

36. The associates are connected by **continuing relationships** that give the enterprise its structure (*Boyle*, 556 U.S. at 946–48), spanning three functional groupings whose members coordinate and hand off instruments to one another:

37. **The United States tax-preparation grouping.** The individual preparer Defendants (McCandless, TY2021; Weissgerber, TY2024), together with the corporate preparer-of-record employer (a non-defendant enterprise member, §I.3 ¶12), prepared and caused the interstate electronic transmission of the false Form 1116 instruments and related returns affecting the United States-citizen Plaintiffs' tax positions. This grouping is the enterprise's United States-facing instrumentality.

38. **The Greek estate-and-records grouping.** A set of individual notarial and accounting actors — including the notary Defendants who executed and submitted the post-mortem cadastral and notarial

instruments (Lyrakis; the Keratsini notary group), the accounting actor who facilitated the post-mortem use of the decedent's identity on tax filings (Eythalia Kyprianou), and additional individual actors — fabricated, executed, and electronically submitted the instruments that transferred, encumbered, or mis-stated the Greek immovable property and the decedent's identity. This grouping is the enterprise's Greek records-facing instrumentality.

39. **The diversion-and-concealment grouping.** Actors who intercepted or diverted refunds and proceeds through fabricated and impostor channels (the John Doe refund-impostor), together with the continuing post-mortem billing conduct of the commercial entity Defendant (DEI S.A., private capacity), operated to move and disguise proceeds and to obstruct review.

40. **Cross-grouping relationships (the enterprise's connective tissue).** The three groupings are joined by documented hand-offs and shared instruments: (i) the post-mortem use of the decedent's identifier originates in the Greek records-facing grouping and is the **same** false identity-and-property predicate later mis-represented in the United States Form 1116 instruments of the tax-preparation grouping (the treaty-bridge per §II.3.B); (ii) the fabricated cadastral and notarial instruments are the **substrate** the diversion grouping monetizes through refund-interception and impostor channels; and (iii) the obstruction acts operate to **protect** all three groupings by withholding the records that would expose the post-mortem identity use and the fabricated instruments. These hand-offs establish that the associates "function[ed] as a continuing unit" with relationships existing "long enough to permit the[m] to pursue the enterprise's purpose." *Boyle,* 556 U.S. at 946, 948.

41. **Additional associate — relationship-and-structure evidence (not a charged predicate).** Renia Vlachou (Ρένια Βλάχου), a private accountant who handled tax filings referable to the decedent's identifier and to Plaintiff Stamatina Kyprianos's tax records, is pleaded **as an associate-in-fact whose coordination with the notarial and accounting actors evidences the relationships and structure of the enterprise**, not as the basis for any Count against her. Plaintiffs reserve the right to amend under Fed. R. Civ. P. 15(a) should a qualifying instrument of her own be identified.

### §IV.1(c) · Longevity

42. The Estate-Conversion Enterprise has the **longevity** *Boyle* requires. Its racketeering activity has been continuous from **13 June 2021** — the date on and after which the post-mortem use of the decedent's identity began — to the present (approximately 1,824 days), and remains ongoing, with new post-mortem instruments issued on a rolling basis. *Boyle,* 556 U.S. at 946. For the pattern element (§V), Plaintiffs plead this Layer-2 window as the period within which all charged predicate acts fall; older history is pleaded as background only and is excluded from the recoverable-damages computation, governed by the four-year limitations window of *Rotella v. Wood,* 528 U.S. 549 (2000).

### §IV.2 · The enterprise is distinct from the Defendants

43. The Estate-Conversion Enterprise is **distinct from each Defendant** who conducts or participates in its affairs. *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 163 (2001); *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993) (liability under §1962(c) requires participation in the operation or management of the enterprise). Each Defendant is a natural person or a legal entity separate from the association-in-fact, and each participated in the conduct of the enterprise's affairs through the pattern of racketeering activity pleaded in §§V–VII.

44. **No sovereign or governmental entity is a member of, or a Defendant constituting, the enterprise.** Greek and United States governmental organs appear only as instrumentalities or fora through which individual actors operated, or as non-party context. *FDIC v. Meyer*, 510 U.S. 471 (1994). Where an individual administrative officer is alleged to have committed an obstruction act, that officer would be named solely in his or her individual capacity and conditionally pending per-officer *Galette* analysis; no such officer is named in the front-line roster.

## §V · PATTERN OF RACKETEERING ACTIVITY (18 U.S.C. §1961(5))

### §V.0 · The governing standard

45. A "pattern of racketeering activity" requires "at least two acts of racketeering activity" within ten years, 18 U.S.C. §1961(5), but the statutory minimum is not the test. Under *H.J. Inc.*, 492 U.S. at 239, a plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity" — "continuity plus relationship." Plaintiffs plead both prongs, that the predicate acts directly caused their own injuries (*Holmes v. SIPC*, 503 U.S. at 268), and that each recoverable injury is a **domestic** injury (*RJR Nabisco*, 579 U.S. 325).

46. Two threshold points narrow the inquiry in Plaintiffs' favor. A RICO pattern "requires no organized crime nexus" and reaches a scheme carried out through otherwise-legitimate actors (*H.J. Inc.*, 492 U.S. at 243, 248–49), and the predicate acts "may encompass multiple predicates within a single scheme" (*id.* at 240–41). Plaintiffs plead a single, integrated scheme — the post-mortem conversion of the decedent's identity and the Greek immovable estate, and the generation of false United States tax instruments — carried out through related predicate acts continuing for approximately 1,824 days.

### §V.1 · Relatedness

47. The predicate acts are **related** within *H.J. Inc.*, 492 U.S. at 240: they have "the same or similar purposes, results, participants, victims, or methods of commission," or are "interrelated by distinguishing characteristics and are not isolated events."

48. **Same purpose.** Every predicate serves the single object of the §IV enterprise: to convert the value of the decedent's Greek immovable estate and to defeat the United States-citizen Plaintiffs' lawful tax and property positions while concealing the conversion. The false Form 1116 instruments, the post-mortem use of the decedent's identifier on cadastral and notarial instruments, the interception of refunds through impostor channels, the continuing post-mortem utility instruments, and the individual-actor refusals to forward Plaintiffs' complaints all advance that one purpose.

49. **Same victims.** The acts share the same victims — the two United States-citizen Plaintiffs, the surviving widow and the son, each pleading injury in their **own** right; no derivative harm to the decedent or his estate is pleaded.

50. **Same and similar methods.** The acts share interrelated methods: the repeated use of the decedent's single post-mortem identifier as the common instrument; the repeated use of electronic and interstate-wire transmission channels — the same IRS e-file infrastructure crossing Michigan, Missouri, and Illinois, cross-border electronic cadastral and tax-authority submissions, and email; and the routing of proceeds and correspondence through Greek financial channels intersecting Plaintiff 2's United States banking channel.

No. _____

51. **Interrelation by distinguishing characteristic.** The acts are joined by the documented hand-offs established in §IV ¶40: the post-mortem identifier created in the Greek records-facing grouping is the same false predicate later mis-represented in the United States tax-preparation grouping's Form 1116 instruments; the fabricated instruments are the substrate the diversion grouping monetizes; and the obstruction protects all of the foregoing.

### §V.2 · Continuity

52. The predicate acts satisfy the **continuity** prong, "centrally a temporal concept" shown either as a closed period of repeated conduct or as past conduct that "by its nature projects into the future with a threat of repetition." *H.J. Inc.,* 492 U.S. at 241–42. Plaintiffs plead **both**.

53. **Closed-ended continuity.** The related predicate acts have recurred continuously from 13 June 2021 through the date of this Complaint — approximately 1,824 days (about five years). This is not conduct "extending over a few weeks or months"; it is the "long-term criminal conduct" with which RICO is concerned. *Id.* at 242. The repeated false tax instruments across multiple tax years, the multi-year fabrication of cadastral and notarial instruments, and the rolling post-mortem utility instruments each independently span the substantial-period requirement.

54. **Open-ended continuity.** Independently, the predicate acts "by [their] nature project[] into the future with a threat of repetition." *Id.* at 241. Post-mortem instruments against the decedent's identity continue to issue on a rolling basis; the false foreign-tax-credit position remains live and uncorrected; and the concealment continues. Because the predicate acts are the enterprise's "regular way of operating," the threat of continued activity is established. *Id.* at 242–43.

55. **Layered framing (anti-flattening).** For the pattern element, Plaintiffs plead only the Layer-2 window (13 June 2021 → present). Conduct predating that window — including the 1972 chain-of-title instruments — is **background context only**, is **not** a predicate act, and is **excluded** from the recoverable-damages computation, governed by *Rotella v. Wood,* 528 U.S. 549 (2000).

### §V.3 · Proximate cause and domestic injury

56. The pattern was the **direct cause** of Plaintiffs' injuries, satisfying *Holmes v. SIPC,* 503 U.S. at 268–70. Each injury pleaded is Plaintiffs' **own** direct injury, not harm to the decedent or his estate; any such derivative injury is expressly disclaimed and not pleaded.

57. Each injury is also a **domestic** injury within *RJR Nabisco,* 579 U.S. at 350–54: (i) the false Form 1116 instruments directly caused domestic injury to Plaintiff 2's United States tax position, sustained at her Michigan residence; (ii) the fraudulent-information-return conduct caused a domestic injury cognizable under a United States private right of action; (iii) the post-mortem identity-exploitation predicates caused domestic identity-theft injury to the senior-citizen Plaintiffs under United States law; and (iv) the proceeds-interception and laundering predicates caused domestic financial injury where the diverted proceeds and correspondence intersected Plaintiff 2's United States banking channel.

58. To the extent any predicate act was committed abroad, it is pleaded only under a predicate statute Congress has made applicable extraterritorially and only as part of a pattern affecting commerce directly involving the United States, consistent with *RJR Nabisco,* 579 U.S. at 337–41.

59. The pattern rests on no fewer than the related predicate acts pleaded in §VI and particularized in the Counts, each an act of "racketeering activity" enumerated in 18 U.S.C. §1961(1). "[W]hile two acts are necessary, they may not be sufficient"; "it is this factor of continuity plus relationship which combines to produce a pattern." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 n.14 (1985). Plaintiffs need allege no distinct "racketeering injury" beyond the harm caused by the predicate acts themselves, and need not allege that any Defendant has been criminally convicted. *Id.* at 495, 488–93.

## §VI · PREDICATE ACTS (Rule 9(b) particularity carried into the Counts)

60. The predicate acts of the pattern, with their §1961(1) statutory bases and Rule 9(b) particulars, are pleaded as follows; the full who/what/when/where/how particularity for each appears in the corresponding Count.

| # | Conduct | §1961(1) predicate statutes | Pleaded in |
|---|---|---|---|
| 1 | H&R Block tax-preparation transmissions (McCandless TY2021; Weissgerber TY2024) — false Form 1116 FTC entries + impossible foreign-source figure | 18 U.S.C. §1343 (wire fraud); 26 U.S.C. §7434 (fraudulent information return); 18 U.S.C. §§1956/1957 (laundering substrate) | Counts I, III, IV, VII |
| 2 | Eythalia Kyprianou — coordinated tax-instrument entries feeding the U.S. tax position | 18 U.S.C. §1343 | Counts I, IV |
| 3 | John Doe refund-impostor ("misthwtos2012") — fraudulent refund instrument into U.S.-intersecting channel | 18 U.S.C. §1343; §1028 | Counts I, II, V |
| 4 | Notary Lyrakis (Spetses) — post-mortem identifier use in cadastral/notarial instruments | 18 U.S.C. §1028A; §1956(a)(2)(A); §1519 | Counts V, VII |
| 5 | Keratsini notary group (Vennis, Vallindra-Katraki, Levogiannis-Athanasiou, Dedes) — post-mortem identifier use, multi-year fabrication window | 18 U.S.C. §1028A; §1956(a)(2)(A) | Counts V, VII, IX |
| 6 | DEI S.A. (private capacity) — successive post-mortem billing instruments | 18 U.S.C. §1341 (mail fraud) *[Galette footnote]* | Count IV |
| 7 | Individual obstruction conduct within the active federal-investigation nexus | 18 U.S.C. §1519 *[individual-capacity, Galette-pending; reserved to Rule 15(a) amendment]* | Counts II, VI |

## §VII · CAUSES OF ACTION

**COUNT I — 18 U.S.C. §1962(c) · Conduct of Enterprise Affairs Through a Pattern of Racketeering (Wire-Fraud Spine, 18 U.S.C. §1343)**

61. Plaintiffs incorporate §§I–VI as though fully set forth herein.

62. Count I rests on a pattern of wire fraud under 18 U.S.C. §1343 — the H&R Block tax-preparation transmissions and the refund-impostor transmission — committed in the conduct of the affairs of the §IV Estate-Conversion Enterprise. The scheme's object was to prepare, transmit, and cause the interstate transmission by wire of materially false federal tax filings for Plaintiff Stamatina Kyprianos's tax years 2021–2024 — including fabricated foreign tax credits and a mathematically impossible foreign-source

income figure — and thereafter to conceal and refuse correction of those false filings, causing quantified financial injury.

***Rule 9(b) particularity — who, what, when, where, how***

63. **WHO. Dustin McCandless** (PTIN P01858522), H&R Block preparer of record for Plaintiff's tax year **2021**, signing from H&R Block Tax Group, Inc., 1301 Main Street, Kansas City, Missouri. **Michael Weissgerber** (PTIN P00694437), H&R Block preparer of record for tax year **2024**, signing from 369 W. Army Trail Road, Suite 9, Bloomingdale, Illinois (dated 03-20-2025 on the return face). The corporate preparer-of-record employer transmitted the returns and operated the preparation software (H&R Block Form IDs XQB 24 1116A1 (AMT Form 1116) and XQB 24 11162 (regular Form 1116) for TY2024) and is the contracting party under the H&R Block Online Services Agreement (a non-defendant enterprise member, §I.3 ¶12). *[Editor-note: the August 6, 2025 refusal-to-correct and the January 23 / February 17, 2026 escalation closures are pleaded as enterprise/refusal conduct per §VI; the refusing personnel are not named Defendants.]*

64. **WHAT.** (a) **False foreign tax credits — $24,016.** Across tax years 2022–2024 the H&R Block-prepared returns claimed foreign tax credits totaling **$24,016** that were false, resulting in IRS Notices CP25 and corrected by an **IRS-accepted Form 1040-X**; the falsity is fixed by the IRS's acceptance of the 1040-X. (b) **Mathematically impossible Form 1116 foreign-source income — approximately negative $830,000.** The TY2024 return reported net foreign-source taxable income of approximately −$830,000 against actual Greek-source income in the approximate €8,000–€24,000 annual range and actual Greek property tax of approximately €5,440, an impossibility invalidating the foreign-tax-credit computation. (c) **No Form 8833 treaty-position disclosure** was filed for tax years 2021–2024, causing double-taxation of Greek-source income contrary to the 1953 United States–Greece Income Tax Convention. (d) **Improper Michigan taxation** of Greek-source income lacking Michigan nexus, tax years 2021–2024. *[Per-year FTC breakdown and e-file acknowledgment dates are within the corporate preparer's exclusive custody; pleaded on information and belief and framed by the concealment allegation below.]*

65. **WHEN.** Each return for tax years 2021–2024 was prepared and electronically transmitted by wire to the IRS in the respective filing season. The predicate transmissions fall within the Layer-2 post-death window (13 June 2021 → present) and the four-year limitations window pleaded in §III; the subsequent refusals to correct (2025–2026) are themselves within both windows, establishing continuity (*H.J. Inc.*).

66. **WHERE.** Each transmission crossed state lines by wire within §1343: preparation in **Kansas City, Missouri** (TY2021) and **Bloomingdale, Illinois** (TY2024), the consumer and the injury in **Roseville, Macomb County, Michigan**, and the false returns transmitted electronically to the IRS. The Michigan situs of the injury anchors venue under 28 U.S.C. §1391(b)(2) and domestic injury under *RJR Nabisco*.

67. **HOW.** The mechanism was the knowing preparation and wire-transmission of false entries, followed by a documented refusal to correct, under a customer agreement whose operative terms the corporate enterprise member has declined to anchor. Two materially different versions of the H&R Block Online Services Agreement appear on the related record — the consumer-submitted version and a different version produced by the corporate party in the arbitration proceeding — and the corporate party has invoked unspecified "applicable contract" limitations without identifying which version governs, while withholding the agreement's version-control history within its exclusive custody. This misrepresentation-by-ambiguity, together with a general denial that addressed none of the specific factual predicates, is offered as a

party-opponent statement under Fed. R. Evid. 801(d)(2) probative of falsity and the absence of any innocent explanation — **not** as a judicial admission, the related proceeding being a separate arbitration (AAA Case 01-26-0001-2493).

68. **Concealment.** The corporate enterprise member failed to produce, by the parties' April 4, 2026 mutual document-exchange deadline and thereafter, categories of records within its exclusive custody — the complete TY2021–2024 client files, preparation-software audit trails, internal communications referencing the CP25 notices and the preparers, and the Online Services Agreement version-control history — the withholding of which is concealment in furtherance of the scheme and supports equitable tolling.

69. **Pattern and enterprise nexus.** The transmissions constitute at least the two-or-more related predicate acts required by 18 U.S.C. §1961(5), sharing the same victim, purpose, participants, and method across a multi-year span (*H.J. Inc.*), and were committed in the conduct of the affairs of the §IV enterprise, distinct from it (*Cedric Kushner*).

70. **Injury and causation (§1964(c)). Stamatina Kyprianos** suffered direct injury to business or property by reason of the §1962(c) violation. Plaintiffs plead a **liquidated core of $24,016** — the IRS-confirmed false foreign tax credits, the falsity fixed by the IRS-accepted Form 1040-X — as the minimum quantified injury; the full damages schedule is set forth in the §VIII Prayer. Causation is direct under *Holmes v. SIPC*, and the injury is domestic under *RJR Nabisco*. **Konstadinos J. Kyprianos** pleads, as to Count I, only his own direct injury — financial harm from documented tax-record manipulation establishing a United States–Michigan-nexus financial injury (the IRS-CI Case 26236541 nexus and the $24,016 1040-X amendment). He does not plead, and does not sign for, any injury held exclusively by Stamatina Kyprianos, and pleads no injury characterized as harm to the decedent or his estate. Each Plaintiff signs only their own claims (28 U.S.C. §1654; *Iannaccone v. Law*).

**COUNT II — 18 U.S.C. §1962(d) · Conspiracy to Conduct Enterprise Affairs (NARROW SCOPE)**

71. Plaintiffs incorporate §§I–VI and Count I.

> **SCOPE LOCK.** This count is pleaded **only** to the refund-impostor conduct and the individual-obstruction conduct (§VI rows 3 and 7). It does **not** sweep in the H&R Block grouping, the cadastral-notary grouping, or any inference of agreement from parallel silence. A §1962(d) claim survives on an agreement to the **objective** of a §1962(c) pattern and does not require that the conspirator commit or agree to commit any predicate himself. *Salinas v. United States*, 522 U.S. 52 (1997).

72. **WHO.** The John Doe refund-impostor ("misthwtos2012"), and any individual administrative officer alleged to have refused to forward or examine Plaintiffs' complaints, **sued only in an individual capacity** — never the employing agency (*FDIC v. Meyer*) — and conditionally pending per-officer *Galette* analysis; no such officer is named in the front-line roster.

73. **WHAT / HOW.** The conspiratorial object was to further the §1343 wire-fraud scheme of Count I by (a) injecting a phantom refund instrument into the Greek-banking channel that cross-feeds Plaintiff 2's United States banking channel, and (b) impeding the federal investigation into that scheme by refusing to transmit records sought by the authorities — thereby protecting the pattern's proceeds and concealing its instrumentalities. Agreement to the objective, not personal commission of every predicate, is the §1962(d) element (*Salinas*).

74. **WHEN / WHERE.** The overt acts (the 2026 refund-related communication and the 2026 refusals to forward) fall within the Layer-2 window and the four-year limitations window, transmitted through email, electronic financial-transfer, and Greek-administrative-portal channels each intersecting the United States-citizen Plaintiffs' positions.

75. **INJURY.** Konstadinos — financial harm from tax-record manipulation (IRS-CI nexus). Stamatina — data-access wire-fraud nexus injury, and the institutional-non-response to her own filings naming the private defendants, pleaded from the receipt-side docketing anchors confirming intake (not as any agency endorsement or adoption of the merits). Both injuries are direct (*Holmes*). **No broader inference:** Plaintiffs do not allege any other Defendant joined this conspiracy and do not infer agreement from parallel silence; scope may be expanded only by amendment should the federal authorities produce a linking artifact.

### COUNT III — 26 U.S.C. §7434 · Fraudulent Filing of Information Returns

76. Plaintiffs incorporate §§I–VI and Counts I–II.

77. **WHO / WHAT.** Preparers **McCandless** (PTIN P01858522, TY2021) and **Weissgerber** (PTIN P00694437, TY2024) filed with the IRS information returns and supporting Form 1116 / foreign-tax-credit entries for Plaintiff Stamatina Kyprianos that were **fraudulent as to a material matter** — the $24,016 false foreign tax credits and the mathematically impossible approximately −$830,000 foreign-source income figure. **WHEN:** the respective TY2021 and TY2024 filing seasons; falsity is fixed by the IRS-accepted Form 1040-X. **WHERE:** the interstate IRS e-file infrastructure (MO/IL preparation → IRS → MI taxpayer). **HOW:** §7434 supplies a private right of action to any person on whose behalf a fraudulent information return is filed. *[Editor-note: the TY2022–2023 blank-preparer-block signature-compliance failure is pleaded against the corporate enterprise member under Treas. Reg. §1.6695-1(b) per §VI, not as a §7434 count against a named individual.]*

78. **INJURY.** Konstadinos — tax-record-manipulation financial harm. Stamatina — the Greek-immovable property interest with the Form 6166 United States-residency anchor that the false credits distorted. §7434 authorizes the greater of $5,000 or actual damages per fraudulent return, plus costs and reasonable fees. *[Per-return count to be confirmed from the IRS-accepted 1040-X and CP25 set.]*

### COUNT IV — 18 U.S.C. §1343 + §1341 · Wire Fraud and Mail Fraud (Standalone Articulation)

79. Plaintiffs incorporate §§I–VI and Counts I–III. These predicates are pleaded as the §1961(1) acts underlying Count I and articulated here standalone for clarity; §1964(c) recovery runs through the §1962 counts.

80. **§1343 wire fraud** — as particularized in Count I (the H&R Block interstate e-filing of false Form 1116 entries), plus the cross-pipeline wire transmission by **Eythalia Kyprianou** via the purported-representative tax instrument directly prejudicing the surviving widow's United States tax position. Each crossed state or national lines by wire.

81. **§1341 mail fraud (Galette-conditional). DEI S.A.** *[private-capacity, Galette footnote]* issued, on the post-mortem use of the decedent's identifier, successive billing instruments, **each a separate mail-fraud predicate** under the separate-accrual rule, on a rolling basis from 13 June 2021 to the present, by post and email to Greek-resident accounts cross-feeding Plaintiff 2's United States banking channel.

82. **INJURY.** Konstadinos — wire-fraud financial harm and the cadastral location-forgery direct injury. Stamatina — the cadastral-forgery succession injury. Direct; domestic under *RJR Nabisco* (wire) and the treaty-bridge (cadastral).

### COUNT V — 18 U.S.C. §1028 + §1028A(a)(2) · Identity Theft / Aggravated Identity Theft (Senior-Citizen Aggravator)

83. Plaintiffs incorporate §§I–VI and Counts I–IV.

84. **§1028A aggravated identity theft. WHO:** Notary **Georgios K. Lyrakis** (Spetses) and the Keratsini notary group (**Vennis, Vallindra-Katraki, Levogiannis-Athanasiou, Dedes**). **WHAT:** post-mortem use of the decedent's identifier in cadastral instruments. **WHEN:** from 13 June 2021 continuing, and across the multi-year fabrication window. **WHERE:** direct-handoff and electronic cadastral submission. **HOW:** each instrument knowingly used a means of identification of another person (the decedent's tax identifier) during and in relation to the §1343/§1341 scheme.

85. **§1028 identity theft. WHO:** the John Doe refund-impostor ("misthwtos2012"). **WHAT/WHEN/WHERE/HOW:** transmission of a refund instrument using identity information in 2026, by email and electronic financial transfer intersecting the United States banking channel.

86. **Senior aggravator and pendent state claim.** Both Plaintiffs are United States-resident senior citizens; the aggravated-identity-theft enhancement applies. **INJURY:** Konstadinos and Stamatina each plead their own senior-citizen aggravator injury. The pendent Michigan vulnerable-adult / elder financial-exploitation claim is cross-referenced to Count VIII (28 U.S.C. §1367).

### COUNT VI — 18 U.S.C. §1519 · Falsification/Concealment of Records in a Federal Investigation

87. Plaintiffs incorporate §§I–VI and Counts I–V.

88. **WHO:** the accounting actor with documented pre-death written knowledge of the unpaid Greek property-tax status who thereafter facilitated post-mortem identifier use, and any individual administrative officer alleged to have refused to forward or examine Plaintiffs' complaints (**individual capacity only**, *Galette*-pending; no agency named, *FDIC v. Meyer*; no such officer in the front-line roster). **WHAT/WHEN/WHERE/HOW:** each act knowingly concealed, falsified, or made a false entry in a record, by email or electronic administrative-portal filing, with intent to impede the federal investigations then in progress (IRS-CI Case 26236541; the FBI matter), each active during the period; the federal-investigation nexus — not the agencies — supplies the §1519 hook.

89. **INJURY.** Konstadinos and Stamatina each plead their own resulting harm — denial of federal-records access and ongoing impairment of the ability to pursue civil recovery — pleaded from receipt-side docketing anchors; §1519 itself is the predicate, the access-denial the resulting harm.

### COUNT VII — 18 U.S.C. §1956 + §1957 · Money Laundering / Monetary Transactions in Criminally-Derived Property

90. Plaintiffs incorporate §§I–VI and Counts I–VI.

91. **§1956(a)(2)(A).** The Keratsini notary group and additional individual property-instrument actors, plus the refund-impostor, created cadastral and property instruments and conducted transactions designed to move and disguise the proceeds of the §1343/§1341 fraud, on a continuing basis, through electronic

cadastral and tax-authority filings and the refund channel. **§1957.** The H&R Block tax-derived proceeds and the cadastral proceeds, transacted in channels intersecting the United States banking position, supply the §1957 monetary-transaction predicate.

92. **INJURY.** Konstadinos — the Greek-immovable property interest (treaty) and financial harm. Stamatina — the property interest (Form 6166) and the cadastral succession injury. Direct.

**COUNT VIII — MCL 750.174a · Michigan Elder Financial Exploitation (Pendent State-Law Claim)**

93. Plaintiffs incorporate §§I–VI and Counts I–VII; supplemental jurisdiction under 28 U.S.C. §1367(a) (same case or controversy as the federal RICO predicates).

94. **WHO/WHAT/WHEN/WHERE/HOW.** Through fraud, deceit, or unlawful act, the Michigan-nexus conduct of the H&R Block grouping and the senior-aggravator acts across the Layer-2 / Layer-3 windows obtained or used the money or property of vulnerable-adult / elder victims — the Michigan-resident senior-citizen Plaintiffs — with the Michigan injury situs (Roseville, Macomb County). **INJURY:** Konstadinos and Stamatina each plead their own senior-citizen aggravator injury; MCL 750.174a's tiered penalties track the dollar value exploited, anchored by the $24,016 liquidated core. Direct.

**COUNT IX — 18 U.S.C. §1343 read with the 1953 U.S.–Greece Income Tax Convention · Treaty-Bridge Cross-Atlantic Wire-Predicate Tying**

95. Plaintiffs incorporate §§I–VI and Counts I–VIII.

96. **Theory.** The Greek-situs cadastral and tax-instrument predicates (Lyrakis; the Keratsini group; Eythalia Kyprianou) are tied to United States-domestic injury because the false Greek-property and identifier instruments fed the false **Form 1116 foreign-tax-credit** computations on the United States returns, distorting Plaintiffs' United States tax positions. The bridge runs through the self-executing 1953 United States–Greece Income Tax Convention **Arts. XIV (FTC mechanism), XVI(2) (competent-authority MAP), XVII (taxpayer-claims hook), and XVIII (exchange of information)**, establishing the domestic injury required by *RJR Nabisco* via the treaty-bridge rather than foreign injury alone. No sovereign Defendant is named; pleaded against private notaries only.

97. **INJURY.** Konstadinos and Stamatina each plead their own direct property and tax-position injuries; domestic-injury satisfied via the treaty-bridge.

**COUNT X — 18 U.S.C. §1964(a) and (c) · Equitable Relief and Treble Damages**

98. Plaintiffs incorporate §§I–IX in full.

99. By reason of the §1962(c) and §1962(d) violations (Counts I–II) committed through the predicate acts particularized in Counts III–IX, both Plaintiffs were injured in their business or property and are entitled, **each as to their own direct injuries** (derivative/estate rows excluded per *Holmes*):

- **§1964(c):** treble the actual damages (liquidated core $24,016, plus the documented additional components of the amended damages schedule set forth in the §VIII Prayer), costs, and pre- and post-judgment interest. *[Pro-se-fees caveat: Kay v. Ehrler, 499 U.S. 432 (1991) — no attorney-fee recovery for pro se litigants; reserved only.]*

- **§1964(a):** equitable relief preserving the Greek immovable estate, enjoining further post-mortem use of the decedent's identifier, and imposing a constructive trust and accounting over United

States-traceable proceeds, plus declaratory relief under 28 U.S.C. §2201.

## §VIII · PRAYER FOR RELIEF

100. WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants, jointly and severally where the law so provides, and grant the following relief. Consistent with 28 U.S.C. §1654 and *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998), each Plaintiff prays only for relief on his or her own claims; the relief requested by either Plaintiff is severable from, and independent of, the relief requested by the other.

### §VIII.A · Relief requested by Plaintiff Stamatina Kyprianos

101. **Compensatory damages** in an amount to be proven at trial, but not less than the liquidated sum of **twenty-four thousand sixteen dollars ($24,016)** — the false foreign tax credits for tax years 2022 through 2024, the falsity of which is fixed by the Internal Revenue Service's acceptance of the corrective Form 1040-X — and in the full amount of the **three hundred twelve thousand three hundred eighty-four dollars ($312,384)** damages schedule, comprising the $24,016 restitution together with IRS penalties and interest flowing from the CP25 corrections, independent certified-public-accountant fees for the corrective amendments, and the further documented components itemized in that schedule;

102. **Threefold (treble) the damages** so proven, pursuant to 18 U.S.C. §1964(c);

103. **The costs of suit**, pursuant to 18 U.S.C. §1964(c);

104. **Pre-judgment and post-judgment interest** at the maximum lawful rate;

105. **Such equitable relief under 18 U.S.C. §1964(a)** as the Court deems just and proper, including an order (a) enjoining Defendants from further use of the decedent's identity and the affected property instruments, (b) imposing a constructive trust upon, and requiring divestment of, any interest acquired through the pattern of racketeering activity, and (c) requiring an accounting of proceeds traceable to the racketeering acts that injured this Plaintiff, with the relief led on the United States-enforceable effects (the United States tax-position distortion and the United States-banking-channel intersection) and any Greek-situs in-rem relief treated as secondary and recognition-dependent.

### §VIII.B · Relief requested by Plaintiff Konstadinos J. Kyprianos

106. **Compensatory damages** in an amount to be proven at trial for his own direct injury — financial harm from the documented tax-record manipulation establishing a United States–Michigan-nexus financial injury (this Plaintiff does not plead the $24,016/$312,384 client injury held by Plaintiff Stamatina Kyprianos);

107. **Threefold (treble) the damages** so proven, pursuant to 18 U.S.C. §1964(c);

108. **The costs of suit**, pursuant to 18 U.S.C. §1964(c);

109. **Pre-judgment and post-judgment interest** at the maximum lawful rate;

110. **Such equitable relief under 18 U.S.C. §1964(a)** as the Court deems just and proper, tied to his own direct property and identity injuries.

**§VIII.C · Common relief each Plaintiff independently requests**

111. A **declaratory judgment**, pursuant to 28 U.S.C. §§2201–2202, that Defendants violated 18 U.S.C. §1962(c) and (d) and the further statutes pleaded in Counts I through X, as to the claims of the requesting Plaintiff;

112. **Trial by jury** on all issues so triable, pursuant to Fed. R. Civ. P. 38(b);

113. **Costs and, in the event licensed counsel appears of record for a Plaintiff, reasonable attorney's fees** under 18 U.S.C. §1964(c). Plaintiffs presently proceed pro se under 28 U.S.C. §1654 and **do not seek attorney's fees for self-representation**, consistent with *Kay v. Ehrler*, 499 U.S. 432 (1991); Plaintiffs reserve the §1964(c) attorney-fee entitlement solely against the contingency that licensed counsel later enters an appearance;

114. **Leave to amend** pursuant to Fed. R. Civ. P. 15(a), including to add or substitute defendants (including the John Doe refund-impostor's true name and any individual administrative officer following per-officer *Galette* analysis) or predicate acts identified through discovery or through the pending federal investigations; and

115. **Such other and further relief** as the Court deems just and proper.

## §IX · JURY DEMAND

116. Plaintiffs demand trial by jury on all claims so triable pursuant to Fed. R. Civ. P. 38(b).

## §X · CERTIFICATION (Fed. R. Civ. P. 11(b) · pro se)

117. Each Plaintiff, signing only their own claims pursuant to 28 U.S.C. §1654 and *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998), certifies under Fed. R. Civ. P. 11(b) that to the best of that Plaintiff's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this Complaint is not presented for any improper purpose, the legal contentions are warranted by existing law or a nonfrivolous argument for its extension, and the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

## §XI · SIGNATURE BLOCKS

Respectfully submitted,

Kyprianos v. McCandless, et al. — Complaint (RICO)

No. _____

Dated: June 13, 2026

**KONSTADINOS J. KYPRIANOS**, Plaintiff (*pro se* · 28 U.S.C. §1654)
16441 Waterman Drive
Roseville, Michigan 48066
Telephone: (586) 770-9083
*Signs only his own claims* (*Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998))

Dated: June 13, 2026

**STAMATINA KYPRIANOS**, Plaintiff (*pro se* · 28 U.S.C. §1654)
16441 Waterman Drive
Roseville, Michigan 48066
Telephone: (586) 770-9083
*Signs only her own claims* (*Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998))

## COMPANION-CASE / RELATED-PROCEEDING DISCLOSURE (E.D. Mich. LR 83.11)

118. For candor, Plaintiff Stamatina Kyprianos discloses a related proceeding arising from the same tax-preparation engagement: **American Arbitration Association Case No. 01-26-0001-2493**, *Kyprianos v. HRB Digital LLC* (the corporate preparer's contractual forum). H&R Block is **not** a Defendant in this action; the disclosure is made without claim-splitting. No other matter is a civil companion case under LR 83.11.

Konstadinos J. Kyprianos

Stamatina Kyprianos

16441 Waterman Drive

Roseville, Michigan 48066

Telephone: (586) 770-9083

Email: stamatinakyprianou@gmail.com

June 13, 2026

Clerk of the Court

United States District Court

Eastern District of Michigan

Theodore Levin U.S. Courthouse

231 West Lafayette Boulevard, 5th Floor

Detroit, Michigan 48226

**Re:  New civil action for filing — Kyprianos v. McCandless, et al.**
**Civil RICO, 18 U.S.C. §§1962(c)–(d), 1964(c) · Plaintiffs proceeding** *pro se* **(28 U.S.C. §1654)**

Dear Clerk of the Court:

Enclosed for filing through the Court's Pro Se Document Upload Program are the documents commencing a new civil action under Rule 3 of the Federal Rules of Civil Procedure. Plaintiffs Konstadinos J. Kyprianos and Stamatina Kyprianos appear *pro se* pursuant to 28 U.S.C. §1654. The documents are submitted in PDF format as required.

**Documents enclosed (this submission):**

1.  **Complaint** (Civil RICO), 19 pages, signed in original ink by both Plaintiffs and dated June 13, 2026;

2.  **Civil Cover Sheet (Form JS-44)**, 2 pages, including the Local Rule 83.11 companion-case page, signed and dated June 13, 2026.

**Filing fee.**

Plaintiffs intend to **pay the civil filing fee of $405.00** and are not requesting to proceed *in forma pauperis*. Plaintiffs understand that, per the Court's upload procedure, payment information will be provided in a separate communication after this submission is received, and that any summons will not

be uploaded until the fee has been paid or the Court directs otherwise. Plaintiffs will remit payment by the method the Clerk directs, payable to "Clerk, U.S. District Court."

**Brief description of the action.**

This is a civil action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(c) and (d), with a civil remedy under §1964(c), arising from a pattern of racketeering activity injuring Plaintiffs' property in connection with a tax-preparation engagement and the conversion of a decedent's estate. Jurisdiction rests on federal question, 28 U.S.C. §1331. Venue lies in this District under 28 U.S.C. §1391(b). Plaintiffs demand a jury.

**Candor disclosure (Local Rule 83.11).**

For candor, Plaintiff Stamatina Kyprianos discloses at Complaint ¶118 a related **arbitration** proceeding arising from the same tax-preparation engagement: American Arbitration Association Case No. 01-26-0001-2493, *Kyprianos v. HRB Digital LLC*. That matter is a private contractual arbitration, not a proceeding in any court; H&R Block / HRB Digital LLC is **not** a Defendant in this action; and the disclosure is made without claim-splitting. Because the AAA arbitration is not a "court" proceeding and involves a non-party, Plaintiffs have answered "No" to the companion-case questions on the JS-44 Local Rule 83.11 page, while disclosing the arbitration in the Complaint itself for full transparency.

Plaintiffs respectfully request that the Clerk open a new civil case, assign a case number and judicial officer, and provide the filing-fee payment instructions. Plaintiffs thank the Clerk's Office for its assistance.

Respectfully submitted,

_____   _____

Konstadinos J. Kyprianos, *pro se*      Stamatina Kyprianos, *pro se*

Dated: June 13, 2026

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Case: 4:26−cv−11978
Assigned To : Behm, F. Kay
Referral Judge: Grand, David R.
Assign. Date : 6/15/2026
Description: CMP Kyprianos, et al v. McCandless, et al (lg)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|      & Enforcement of Judgment |      Slander      Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |      Liability    ☐ 368 Asbestos Personal | |      New Drug Application | ☐ 470 Racketeer Influenced and |
|      Student Loans | ☐ 340 Marine      Injury Product | | ☐ 840 Trademark |      Corrupt Organizations |
|      (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |      Liability    **PERSONAL PROPERTY** | **LABOR** |      Act of 2016 |      (15 USC 1681 or 1692) |
|      of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |      Act | **SOCIAL SECURITY** |      Protection Act |
| ☐ 190 Other Contract |      Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage |      Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |      Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |      Exchange |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| |      Medical Malpractice |      Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |      Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |      Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | |      or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |      Accommodations    ☐ 530 General | |      26 USC 7609 |      Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | |      Agency Decision |
| |      Employment    **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | |      State Statutes |
| |      Other    ☐ 550 Civil Rights |      Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?   ☐ Yes   ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

06/13/2026